[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal initiated by the Commission on Human Rights and Opportunities (hereinafter Commission) on behalf of Clayton Hartford from the decision of a hearing officer dismissing the complaint of Clayton Hartford (hereinafter complainant) against General Dynamics Corporation, Electric Boat Division (hereinafter Electric Boat). This appeal is brought pursuant to Connecticut General Statutes Section46a-94a and Section 4-183.
The appeal alleges that the ruling of the hearing officer dismissing the complaint was made in violation of statutory provisions, upon unlawful procedure, affected by errors of law and is clearly erroneous in view of reliable, probative and substantial evidence and, in addition was arbitrary, capricious and affected by unwarranted exercise of discretion.
Electric Boat has essentially denied the allegations of the complaint.
Briefs were filed in accordance with the rules and an oral argument was held in this court at which the Commission and Electric Boat were represented by counsel.
Procedurally it will suffice to note that the complainant filed a complaint with the Commission on Human Rights and Opportunities charging General Dynamics Corporation, Electric Boat Division with employment discrimination when after learning that he may suffer from a seizure disorder placed him on work restrictions and then terminated him or failed to make a reasonable accommodation for his condition.
After the statutory procedures, hearings were held by a hearing officer during which the hearing officer granted the Electric Boat's motion to dismiss for various reasons. (Record Item #1). CT Page 3946
While several claims are raised on behalf of the complainant to support the appeal, two issues are independently dispositive of the matter making it unnecessary to consider the remainder.
The appeal is sustained for the reason that (1) The hearing officer prohibited the Commission from presenting the testimony of one Lewis Cornelius, Jr. an employee of the defendant by interpreting the subpeona statute to require round-trip compensation; and/or (2) The hearing officer used an incorrect evidentiary standard of "firm and convincing evidence" which placed an illegal burden on the Commission in the establishment of a prima facie case.
THE SUBPOENA OF LEWIS CORNELIUS, JR.
From the record and the admissions of Electric Boat in their memorandum it appears that in an effort to sustain their burden of showing the policy of Electric Boat relating to employees who had or who were perceived to have had seizures or seizure related problems the Commission was prepared to offer the testimony of an employee, Lewis Cornelius, Jr. In that connection a subpoena was served on Mr. Cornelius to obtain his appearance. Mr. Cornelius was present in the Commission building at 90 Washington Street, Hartford during both days of the hearing but the attorney for Electric Boat indicated to the hearing officer that Mr. Cornelius was not properly served and therefore would not be made available unless the hearing officer ruled that the subpoena was properly served. Electric Boat argues that Section 52-260
of the General Statutes requires a witness fee of 50 cents per day and travel fees of 10 cents per mile both to and from the hearing location. The Commission argued that the statute only required the payment of the 10 cents per mile one way on the basis of the fact that the statute itself calls for "travel to the place of trial, 10 cents a mile".
Ten cents a mile to the place of the trial was actually paid ($7.00). The hearing officer ruled that the interpretation given to the statute requiring round trip travel payment was correct and that because of that the subpoena was invalid.
Neither party has produced a court decision previously interpreting the statute but the Commission on behalf of the complainant points out that a 1978 amendment to Section 52-260 deleting a former subsection relating to the payment for witness fees to witnesses coming from courts of other states had previously said "to and from the court by the CT Page 3947 ordinary travelled route" (Public Act 78-289, Section 33). The court is convinced by the argument advanced by the Commission that had the Legislature intended that witnesses called under Subsection a of Section 52-260 be paid for travel both to and from the court it would clearly have said so as it had done on previous occasions for other purposes. Therefore, it is the holding of this court that the interpretation of the hearing officer which had the effect of depriving the Commission of the testimony of Mr. Cornelius was illegal.
Since the offer of proof of the Commission with regard to Mr. Cornelius' testimony suggests that he would have had evidence to offer with regard to the company policy involved, this ruling has effectively deprived one of the participants of presenting necessary and important evidence at a hearing.
"FIRM AND CONVINCING" STANDARD OF PROOF
In ruling that there was insufficient evidence on behalf of the complainant that Electric Boat had a policy relating to employees who had or who were perceived to have seizures, the hearing officer in his Ruling of July 18, 1990 (Record Item #1) said ". . . After reviewing all of the evidence, it is my belief that the COMPLAINANT has failed to meet his burden of proof under the statutes to cause a prima facia case to be presented to this hearing officer. . .It is my opinion that there has not been presented firm and convincing evidence that an overly discriminatory policy regarding seizures or perceived seizures exists. . .".
It is clear from the context of the ruling of the hearing officer and the specific language used therein, notwithstanding the contrary claim of Electric Boat, that the hearing officer applied a "firm and convincing" evidentiary standard to the complainant's burden of proof. Electric Boat has suggested that the words were used not to establish a standard of proof but that it was simply his way of saying that the evidence presented or the lack thereof did not persuade or convince him with respect to its merit.
In the July 18, 1990 "Ruling on Respondent's Motion to Dismiss" the hearing officer set forth his authority for his actions including Section 31-125-36 of the Regulations of Connecticut State Agencies, Section 46A-83(e) of the Connecticut General Statutes. Neither of these authorities authorizes the hearing officer to utilize a "firm and convincing" standard for determining whether or not the complainant has met his burden of proof to cause a prima facia case to be presented. CT Page 3948
Applying that standard, whatever it might have meant to the hearing officer, makes it clear that the hearing officer did not use the proper standard by which to evaluate the complainant's evidence. See Hinchcliffe v. American Motors Corp., 184 Conn. 607, 609 (1981). Therefore, for this reason the resulting decision is effected by an error of law and is clearly erroneous.
For each one and both of the reasons set forth above, the appeal is sustained and the case is remanded for a new hearing in accordance with law.
Leuba, J.
Note:
A transmittal from the Commission, after oral argument, postmarked April 11, 1991 (which remains in the file unopened) and a subsequent letter of April 12, 1991, has not been considered in connection with this Decision.